LAWSON LEGG, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 30, 1911.

1. HUMANITARIAN RULE: Personal Injury. A motorman in charge of a street car who sees one driving a vehicle approaching the track, has a right to assume that he will act with prudence and stop to let the car pass. But if there is anything in the person's conduct to suggest that his attention is drawn in other directions, or that he is so absorbed as to be oblivious to his surroundings, that assumption cannot be indulged.

2. ———: ———: Instructions. In view of the evidence it was error to submit the hypothesis that plaintiff's wagon was on the track when seen by a motorman, where the only evidence was that the horses were on the first rail of the track.

Appeal from Jackson Circuit Court.—*Hon. E. G. Porterfield,* Judge.

REVERSED AND REMANDED.

*John H. Lucas* for appellant.

*Eppstein & Ulman* for respondent.

ELLISON, J.—Plaintiff received personal injury by reason of one of defendant's street cars colliding with his horses and wagon as he was driving across the track. He brought this action for damages and recovered judgment in the trial court.

The evidence discloses that defendant's railway was composed of a double track running east and west on one of the streets of Kansas City. Plaintiff was driving north, in a walk, with his team and empty coal wagon. He was clearly guilty of negligence in not looking for the car before attempting to cross over. He checked or slowed up his horses to let a car going east pass by and then immediately proceeded on, coming out from behind this car onto the space between the tracks and then onto the north track, when he was struck by a rapidly moving car bound west. He seeks to justify a refusal of defendant's demurrer to the evidence, on the humanitarian rule. He barely does so. But in view of the fact that there was some evidence tending to show that the motorman could have stopped the car after seeing plaintiff was going upon the track, we cannot say no case was made. Though a motorman in charge of a street car sees one in charge of horses and vehicle approaching the track, he has a right to presume the driver will be governed by ordinary prudence and stop to let the car pass before going upon the track. [Markowitz v. Met. Street Ry. Co., 186 Mo. 350, 358.] This is occurring hourly with street car traffic and it would be outside all reason to require that a car be stopped upon the motorman seeing a vehicle approaching the track. Ordinarily if the car is near-by the driver of the vehicle stops for the car to pass. It sometimes happens that the party approaching the track

negligently allows himself to be attracted in some other direction, or is absorbed in such way as to be oblivious to his surroundings. If there is any way where it could reasonably be said that the motorman should have observed that condition, he, of course, could not indulge in the supposition that the party would stop before going upon the track. In this case there is some evidence, not much, but some substantial evidence, that plaintiff's horses had entered upon the first rail while the car was yet two hundred feet away and approaching rapidly. This was a peril which the motorman should have observed and undertaken to stop his car. There was evidence that he did attempt to stop. But all the evidence in this connection should go to the jury.

The judgment will, however, be reversed for an error in an instruction for plaintiff. It submitted the hypothesis that the motorman saw the wagon upon the track. The only evidence that the motorman could have seen any danger in time to have had any opportunity to avoid it, was, as we have just stated, that the horses were entering upon the first rail. Only the front end of the wagon was upon the track when the collision occurred, as the car struck the rump of one of the horses, and one of the front wheels of the wagon.

There was a sharp controversy between the parties as to the position of the plaintiff, the horses and the wagon, as well as to what could or could not have been done by the motorman towards avoiding a collision. It was misleading, confusing and harmful, to go outside the evidence in formulating the instruction.

The judgment is reversed and the cause remanded. All concur.